UNITED STATES of America, for the Use and Benefit of MID SEVEN TRANSPORTATION, Plaintiff,

v.

BLINDERMAN CONSTRUCTION CO., INC., et al., Defendants.

No. 89 C 4654.

United States District Court, N.D. Illinois, E.D.

March 22, 1990.

---

William L. Fairbank, Whitefield, Musgrave & Eddy, Des Moines, Iowa, Leonard R. Kofkin, Chicago, Ill., for plaintiff.

John T. Evrard, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Venetian Iron Works, Inc.

Marc S. Mayer, Zaban, Jacobs and Mayer, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of plaintiff, subcontractor, Mid Seven Transportation, for summary judgment pursuant to Fed.R.Civ.P. 56(a) on its Miller Act, 40 U.S.C. § 270a *et seq.*, claim against defendants, general contractor, Blinderman Construction and surety, Fidelity and Deposit Company of Maryland for $16,576.67 allegedly owing for the transportation of materials from third-party defendant, subcontractor, Venetian Iron Works to Blinderman at the job site—the Great Lakes Naval Training Center.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which support his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* Both parties have complied with Local Rule 12.

Defendants assert that there is a genuine issue of material fact as to whether Mid Seven's claims include sums allegedly owing not for the transportation of materials from Venetian to Blinderman at the job site, but for the transportation of materials from manufacturers to Venetian without the expectation that their final destination was the job site. If so, defendants contend that these claims would not be covered by the Miller Act.

To support their assertion, defendants attach, as group Exhibit 11 to their Response to Statement of Material Facts, a number of invoices and associated bills of lading which they claim relate to transportation of materials from manufacturers to Venetian. See Response ¶¶ 3, 4. Yet, an examination of the invoices and associated

bills of lading attached as Exhibit 11 reveals that, with the possible exception of only one, they all reflect that the destination of the load was the Naval Training Center.[1] Thus, there is no support in the record for defendants' assertion that a genuine issue of material fact exists as to whether Mid Seven's claims are covered by the Miller Act.

Moreover, Mid Seven appears to have accurately characterized the remainder of defendants' argument as asserting that, because Mid Seven has been paid for many of the shipments to the job site, as well as to Venetian, and the total received by Mid Seven exceeds the total of all invoices involving job site deliveries, therefore, Mid Seven has been paid in full for job site deliveries. There is no logic to this argument.

■ Accordingly, plaintiff's motion for summary judgment is granted and judgment is entered in Mid Seven's favor and against defendants in the amount of $16,-576.67. As for attorneys' fees, these are not provided by the Miller Act, *U.S. ex rel. C.J.C. Inc. v. Western States Mechanical Contractors*, 834 F.2d 1533, 1542–43 (10th Cir.1987), but are only awarded where the opponent has acted in bad faith. *U.S. ex rel. Garret v. Midwest Construction Co.*, 619 F.2d 349, 352 (5th Cir.1980). None was present here. Plaintiff is, however, entitled to prejudgment interest from August 25, 1988, the date on which it gave Blinderman notice of its claim, to the date of this judgment. Although there is disagreement as to whether state or federal law governs an award of interest on a Miller Act claim, the court determines that reference to federal law is appropriate. Prejudgment interest is awarded at the rate and method of computation provided in 28 U.S.C. § 1961(a), (b). While 28 U.S.C. § 1961 governs post judgment interest, the court finds

that this rate will fairly compensate plaintiff for the prejudgment delay in payment.

IT IS SO ORDERED.

---

1. This matter was set for status and ruling on this motion on March 21, 1990. At that time, the court intended to allow oral argument in order to provide defendants' counsel with the opportunity to explain the apparent lack of consistency between his argument and Exhibit 11. However, although both counsel for Mid Seven and counsel for Venetian were present, counsel for defendants failed to appear.